UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case Number: 1:16-cv-23452

FRANCES REISMAN

       Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
A Liberian Company

       Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR A TRIAL BY JURY

Plaintiff, FRANCES REISMAN, ("Plaintiff"), through undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES LTD. A Liberian Company, ("Defendant"), and demands a trial by jury, stating as follows:

1. Plaintiff, FRANCES REISMAN seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.  Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.  Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Company.

3. Plaintiff, FRANCES REISMAN, is *sui juris* and is a resident and citizen of Kings County, New York.

4. Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Company is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

5. Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Company is a citizen of the State of Florida.

6. Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Company, at all times material hereto, personally or through an agent in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.181 or 48.193;

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF INCIDENT:** This incident occurred on or about November 11, 2016 at about 3:30pm.

9. **LOCATION OF INCIDENT:** The incident occurred aboard the Defendant, ROYAL CARIBBEAN CRUISE LINE's cruise ship vessel, the *Anthem of the Seas,* while FRANCES REISMAN was sitting in a chair in the cabin area.

10. **DESCRIPTION OF THE INCIDENT:** At all times relevant, Defendant, ROYAL CARIBBEAN CRUISE LINE, had a duty to its passengers including FRANCES REISMAN to exercise reasonable care under the circumstances. On the date the incident occurred, Defendant, ROYAL CARIBBEAN CRUISE LINE, through its agents breached this duty by causing the ship to travel at speeds that were not safe for the passengers aboard the ship including Plaintiff, FRANCES REISMAN, and the breach of this duty caused Plaintiff FRANCES REISMAN to be thrown from her chair in her cabin by a jolt that occurred because of the high rate of speed at which the vessel was travelling. The jolt knocked Plaintiff, FRANCES REISMAN, from her chair causing her to land under the bed that was across the cabin. Defendant CARIBBEAN CRUISE LINE, further breached the duty to exercise reasonable care under the circumstances by employing a telephone that bore an emergency signal that did not actually provide emergency help. After Plaintiff FRANCES REISMAN suffered her injury, her husband picked up the phone and pressed the emergency button, and after about thirty minutes, an agent of Defendant CARIBBEAN CRUISE LINE called the cabin where Plaintiff was laying injured, still stuck under the bed, and asked if there was really an emergency. After plaintiff responded yes, it took another ten minutes for the emergency crew to respond. When the emergency crew arrived

they began moving Plaintiff from where she had landed, under the bed, to a stretcher to bring her to the medical center.  In the process of moving plaintiff, Defendant's agents, the emergency response crew, caused Plaintiff's shoulder to break.  After getting to the medical center, the onboard doctor placed Plaintiff's arm in a sling and Plaintiff had to spend the next ten days of the cruise in pain in her room.  Plaintiff has suffered pain, and lost range of motion in her right shoulder as a result of defendant's negligence and can no longer brush her teeth, comb her hair, open doors, feed herself, or otherwise enjoy and independent life due to Defendant's Negligence.  Had defendant operated its vessel in a manner consistent with reasonable care under the circumstances, Plaintiff would not have suffered the injury she suffered.  Had defendant properly responded to the emergency call, Plaintiff may not have suffered as much harm.  Had defendant trained the members of its emergency crew, Plaintiff may not have suffered a broken shoulder, and had used reasonable care in general Plaintiff would not have suffered such a severe injury and the incident could have been avoided.

## COUNT I NEGLIGENCE

11. Plaintiff, FRANCES REISMAN hereby adopts and re-alleges each and every allegation in paragraphs 1 through 9 as if set forth herein.

12. **DUTIES OWED BY THE DEFENDANT, ROYAL CARIBBEAN CRUISE LINE:** The Defendant, ROYAL CARIBBEAN CRUISE LINE, owed a duty to Plaintiff to exercise reasonable care under the circumstances for the safety of its passengers including Plaintiff, FRANCES REISMAN.  This included, but was not limited to, the duty to keep its premises in a reasonably safe condition and warn passengers of any dangers known to the Defendant that are or were not open and obvious to the Plaintiff.

13. At all times material, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

a. Failing to operate the *Anthem of the Seas* in a manner consistent with the exercise of reasonable care.

b. Failing to warn passengers of the dangerous condition, which was created by Defendant, ROYAL CARIBBEAN CRUISE LINE.

c. Failing to take proper precautions to keep the guests safe from the dangerous situation created by ROYAL CARIBBEAN CRUISE LINE;

b. Creating a dangerous or hazardous condition aboard the vessel by causing the vessel to exceed a reasonable safe speed;

c. Creating a dangerous condition or failing to remedy a dangerous condition, which was known or should have been known by the Defendant through the exercise of reasonable care, and which in the exercise of reasonable care would not have been created, would have been remedied, or defendant would have warned Plaintiff of the condition.

d. Failing to adequately train its emergency response crew to exercise reasonable care while removing the injured Plaintiff from under her bed.

e. Placing an emergency signal on the phone that did not summon emergency medical attention.

f. Failing to provide adequate lighting to enable passengers to notice any hazards.

g. Failing to properly treat the floors, cabins, cabin areas, and beds to make them more safe and less dangerous for the passengers aboard the vessels.

    h.  At all times relevant, Defendant participated in or approved of the design of the floors, cabins, cabin areas, and beds in the area involving the incident, and Defendant participated in or approved of the installation of the floors, cabins, cabin areas, and beds, and this participation or approval constituted negligence on the part of the Defendant by selecting the less than safe designs or materials for the floors, cabins, cabin areas, and beds, or Defendant allowed the hazardous cabin area, that Defendant knew about, or would have known through the exercise of reasonable care, to remain aboard the ship after Defendant acquired the vessel the *Anthem of the Seas*.

    l.  Failing to comply with applicable standards, statutes, or regulations the violation, which is negligence per se and/or creates the presumption of negligence.

    m.  Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and or

    n.  Through other acts or omissions constituting a breach of the duty to use reasonable care which would be revealed through discovery.

13. These dangerous conditions existed for a period of time before the incident.

14. The above conditions were neither open nor obvious to Plaintiff, and accordingly, the Defendant owed Plaintiff the duty to warn of them and/or correct them.

15. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, Plaintiff, FRANCES REISMAN, demands a judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Company, for damages suffered as a result of Defendant, ROYAL CARIBBEAN CRUISE LINE's negligence, including bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of ability to earn money, loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, FRANCES REISMAN demands a trial by jury on all issues so triable.

**Dated:**  August 10, 2016.

ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
3132 Ponce de Leon Boulevad
Coral Gables, Florida 33134
E: Aronfeld@aronfeld.com
P: (305) 441.0440
F: (305) 441.0198

By:/*s/William D. Minnix, Esq.*
William D. Minnix, Esq.
Florida Bar No. 109534
wminnix@Aronfeld.com
Matthias M. Hayashi, Esq.
Florida Bar No.: 0115973
MHayashi@Aronfeld.com
Spencer Marc Aronfeld, Esq.
Florida Bar No.: 905161
Aronfeld@Aronfeld.com